**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET** <br> (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** <br> (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> □ Debtor       □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor    □ Other <br> □ Trustee | **PARTY** (Check One Box Only) <br> □ Debtor       □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor    □ Other <br> □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR |||  BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING ||  DIVISION OFFICE || NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING ||  DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)**

| | |
|---|---|
| In re:<br><br>VANTAGE TRAVEL SERVICE, INC.,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 23-11060-JEB |
| STEPHEN S. GRAY, as Creditor Trustee for the Vantage Travel Creditor Trust,<br><br>　　　　Plaintiff,<br><br>v.<br><br>A/S DAN-BUNKERING LTD<br><br>　　　　Defendant. | Adv. Pro. No. 24-_____ |

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS**

Stephen S. Gray, as Creditor Trustee ("Creditor Trustee") for the Vantage Travel Creditor Trust (the "Creditor Trust") established pursuant to that certain Creditor Trust Instrument made as of December 1, 2023 in the above-captioned case (the "Chapter 11 Case") of Vantage Travel Service, Inc. (the "Debtor" or "VTS") under chapter 11 of the Bankruptcy Code (as defined below), by and through the Creditor Trustee's undersigned counsel, brings this complaint (this "Complaint") against A/S Dan-Bunkering Ltd. (the "Defendant") to avoid and recover transfers and for related relief under §§ 547, 550, and 502(d) of title 11 of the United States Code (the "Bankruptcy Code") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this Complaint under pursuant to 28 U.S.C. §§ 157 and 1334(b) in that this is a civil proceeding arising in and relating to the Debtor's underlying case arising under chapter 11 of the Bankruptcy Code pending in the Court.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b) in which the Court may enter a final order consistent with Article III of the United States Constitution, and the Creditor Trustee consents to the entry of a final order by the Court.

5. The Court has jurisdiction over Defendant pursuant to Bankruptcy Rule 7004.

6. The Creditor Trustee has standing to pursue this Complaint under the Confirmation Order and the Plan (each, as defined below) confirmed by the Court. See, e.g., Confirmation Order ¶¶ O, 5, Plan §§ 1.42, 5.1, 5.3, 8.16.

7. The statutory predicates for the relief requested in this Complaint are sections 502, 547 and 550 of the Bankruptcy Code.

## THE PARTIES

8. Plaintiff Gray is an individual resident in the Commonwealth of Massachusetts. Gray was duly appointed Creditor Trustee pursuant to section 5.1 of the Plan (as defined below).

9. The Debtor is a Massachusetts corporation having its principal place of business in Boston, Massachusetts.

2

4864-8686-4562, v. 1

10. On information and belief, Defendant conducts business and/or has assets in the United States and has a primary United States business address of 440 Louisiana Street, Suite 2100, Houston, TX 77002.

## BACKGROUND

### A. Debtor's Business and Commencement of Chapter 11 Case

11. The Debtor was a travel agency company that provided the administrative offices through which customers booked travel packages and made travel arrangements. [Dkt. No. 14 at ¶¶ 5–6] ("DelGreco Decl."). Through charter agreements with vessels owned by related non-Debtors and contracts with third-party vendors, the Debtor facilitated travel plan purchases by its customers, including cruises, flights to points of debarkation, travel insurance, hotel accommodations, and excursions (among other things). DelGreco Decl. ¶ 6.

12. As early as March 18, 2020, the Debtor began exploring a potential chapter 11 bankruptcy filing following the outbreak of the COVID-19 global pandemic when the opportunity for booking cruise travel came to a crashing halt. At that time, on information and belief, the Debtor already had approximately $40 million in cumulative net operating losses generated over the prior four years and would need $50 million in new business for the calendar year 2020 to break even. On information and belief, ultimately, the Debtor did not run a single trip in calendar year 2020 after March 18, 2020, and the Debtor's losses in 2020 alone exceeded $29 million. DelGreco Decl. ¶ 12. The Debtor continued operating after 2020 although the Debtor's revenue remained well below the Debtor's pre-COVID 19 pandemic levels, resulting in continuing losses. DelGreco Decl. ¶ 12.

13. On June 29, 2023 (the "Petition Date"), the Debtor filed for Chapter 11 protection.

14. The Debtor commenced the Chapter 11 Case with the primary purpose of conducting a sale process for substantially all of its assets.

15. The Court entered an order authorizing the sale of substantially of all of the Debtor's assets – little more than a customer list – to Pacific Travel Partners, Inc. [see Dkt. No. 291], following which the Debtor filed a plan of liquidation, modified on November 16, 2023, providing for the orderly liquidation of the estate's assets and the creation of the Creditor Trust to, among other things, (i) investigate and pursue recoveries on account of causes of action of the Debtor's bankruptcy estate, including Chapter 5 actions and (ii) administer and distribute the proceeds of such actions, if any, and certain others assets of Debtor's bankruptcy estate for the benefit of general unsecured creditors holding allowed claims against the Debtor and its bankruptcy estate. [Dkt. No. 567 at Ex. A] (the "Plan").

16. The Court confirmed the Plan by order dated November 22, 2023 [Dkt. No. 577] (the "Confirmation Order"), and on December 1, 2023, the Plan became effective. [See Dkt. No. 587].

17. Under the terms of the Plan, all of the Debtor's remaining litigation assets were transferred to the Creditor Trust. See Plan § 5.1. The purpose of the Creditor Trust is to provide a means of liquidating and monetizing Estate Causes of Action (as defined in the Creditor Trust), in part through the prosecution of avoidance actions under chapter 5 of the Bankruptcy Code. Section 5.1 of the Plan further provides that the Creditor Trustee shall be the duly-appointed representative of the estate with respect to all of the Creditor Trust Assets, including, without limitation, the Estate Causes of Action, which are defined to include "any and all Estate claims, actions, causes of action, or proceedings, including, without limitation, those arising under Chapter 5 of the Bankruptcy Code . . . ."

4

18. The Confirmation Order further authorized and approved Plaintiff Gray as the Creditor Trustee. Confirmation Order ¶ 5. Accordingly, the Creditor Trustee has the authority to prosecute the claims asserted in this Complaint.

**B.   Debtor's Prepetition Business with Defendant**

19. On information and belief, prior to the Petition Date, the Debtor purchased fuel from the Defendant for cruises booked on the vessels M/V Ocean Explorer ("Explorer") and M/V Ocean Odyssey ("Odyssey").

20. On information and belief, during the ninety-day period preceding the Petition Date (the "Preference Period"), the Debtor paid the Defendant not less than $847,350 on account of past due obligations.

21. On information and belief, the payments made to the Defendant during the Preference Period are more specifically identified in **Exhibit A** attached to this Complaint and incorporated herein by reference.

## COUNT I

## AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547(B)

22. The Creditor Trustee incorporates all preceding paragraphs as if fully realleged here.

23. During the Preference Period, the Debtor made one or more preferential transfers to Defendant totaling at least $63,210, which is net of (i) the reasonable value of "new value" provided by Defendant and (ii) ordinary course transfers, (together with any other transfers made to Defendant later identified by the Creditor Trustee, the "Preferential Transfers").

24. Defendant was a creditor of the Debtor within the meaning of § 101(10)(A) of the Bankruptcy Code at the time of each of the Preferential Transfers.

5

25. The Preferential Transfers made by the Debtor were transfers of an interest of the Debtor in property.

26. The Preferential Transfers were made to or for the benefit of Defendant, within the meaning of § 547(b)(1) of the Bankruptcy Code, because the Preferential Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

27. The Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before such transfer was made.

28. The Debtor was insolvent throughout the Preference Period because the sum of each Debtor's respective debts was greater than the fair value of its respective assets.

29. The Preferential Transfers were made on or within ninety days before the Petition Date.

30. The Preferential Transfers enabled Defendant to receive more than it would have if:

    (a) the Debtor's case was brought under chapter 7 of the Bankruptcy Code;

    (b) the Preferential Transfers had not been made; and

    (c) Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

31. The Creditor Trustee's determination that Defendant received transfers avoidable under Section 547 of the Bankruptcy Code is based on reasonable due diligence in the circumstances of the case and taking into account Defendant's known or reasonably knowable affirmative defenses under Section 547(c) of the Bankruptcy Code.

32. For these reasons, the Creditor Trustee may avoid the Preferential Transfers under § 547 of the Bankruptcy Code.

4864-8686-4562, v. 1

## COUNT II
## RECOVERY OF AVOIDABLE TRANSFERS UNDER 11 U.S.C. § 550

33. The Creditor Trustee incorporates all preceding paragraphs of this Complaint as if fully realleged here.

34. Defendant was either (i) the initial transferee of the Preferential Transfers; (ii) the entity for whose benefit the Preferential Transfers were made; or (iii) an immediate or mediate transferee thereof.

35. Upon the avoidance of the Preferential Transfers under §547 of the Bankruptcy Code, the Creditor Trustee may recover the Preferential Transfers, or the value of the Preferential Transfers, from Defendant or any mediate or immediate transferee pursuant to § 550 of the Bankruptcy Code.

36. For these reasons, the Creditor Trustee may recover the Preferential Transfers, or the value of the Preferential Transfers, from the Defendant under § 550 of the Bankruptcy Code.

## COUNT III
## DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)

37. The Creditor Trustee incorporates all preceding paragraphs of this Complaint as if fully realleged here.

38. Section 502(d) of the Bankruptcy Code provides that the claim of any entity or transferee receiving a payment that is avoidable under §547 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

39. The Defendant is the transferee of the Preferential Transfers.

40. The Defendant has, or may claim to have, a claim or claims against the Debtor's estate.

41. The Defendant has neither paid nor surrendered the Preferential Transfers or the value of the Preferential Transfers to the Creditor Trustee.

42. The Creditor Trustee objects to any and all claims of the Defendant, including, without limitation, all prepetition and postpetition claims, pursuant to § 502(d) of the Bankruptcy Code.

43. For these reasons, the Creditor Trustee is entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until the Defendant returns all amounts due to the Creditor Trust, and any other separately filed objections to such claims are resolved as provided by § 502(d) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

44. The Creditor Trustee reserves the right to bring any and all other causes of action he may maintain against the Defendant including, without limitation, causes of action arising out of the same transactions set forth in this Complaint, and to the extent discovery in this action or further investigation by the Creditor Trustee reveals such other causes of action.

## RELIEF REQUESTED

WHEREFORE, the Creditor Trustee requests that the Court enter judgment in his favor and against the Defendant, granting the following relief:

A. Avoidance and recovery of the Preferential Transfers under §§ 547 and 550 of the Bankruptcy Code;

B. Disallowance of any and all claims filed by the Defendant pursuant to § 502(d) of the Bankruptcy Code;

C. An award to the Creditor Trustee of prejudgment interest at the legally allowable rate;

D. An award to the Creditor Trustee of costs and expenses of this suit; and

E. Such other and further relief the Court deems just and appropriate.

Dated: April 1, 2024
Boston, Massachusetts

Respectfully submitted,

*Stephen S. Gray, as Creditor Trustee for the Vantage Travel Creditor*

*/s/ Peter D. Bilowz*

James F. Wallack, Esq. (BBO #557061)
Peter Bilowz, Esq. (BBO #651383)
**GOULSTON & STORRS PC**
400 Atlantic Avenue
Boston, MA 02110
Tel: (617) 482-1776
Fax: (617) 574-4112
Email: jwallack@goulstonstorrs.com
pbilowz@goulstonstorrs.com

*Counsel to Creditor Trustee*

**Dan Bunkering Exhibit A**

| Invoice / Payment Date | Payment Amount |
|---|---|
| 4/6/2023 | $300,000 |
| 4/20/2023 | $300,000 |
| 4/26/2023 | $247,350 |
| **Total Payments** | **$847,350** |